IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Teresa Welter;<br>and Paul Welter,<br>14984 Caperton Ct.<br>Woodbridge, VA 22193<br><br>            Plaintiffs,<br><br>v.<br><br>United States Department of the Air Force<br>1690 Air Force Pentagon<br>Washington, DC 20330-1670,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs Teresa Welter and Paul Welter (hereinafter "Plaintiffs") bring this action against the United States Department of the Air Force (hereinafter "Air Force" or "Defendant") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et. seq. As grounds therefor, Plaintiffs allege as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C. §1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

### PARTIES

3. Plaintiff Paul Welter served in the United States Air Force until his retirement at the rank of Major.

4. Plaintiff Teresa Welter is the wife of Plaintiff Paul Welter.

5. Defendant, United States Department of the Air Force, is an agency within the meaning of 5 U.S.C. § 552(f) that is in possession and/or control of the records requested by Plaintiff that are the subject of this action.

## INTRODUCTION

6. Plaintiffs were found to have committed alleged incidents of child abuse and neglect of their minor children by an Air Force Central Registry Board ("CRB"). Upon information and belief, Plaintiffs believe that the allegations stem from Plaintiffs' own report of sexual abuse of two of their children by certain employees of their daughters' former on-base Department of Defense Education Activity ("DoDEA") school in Germany. The Air Force Family Advocacy Program ("FAP") proceeded with their investigation against Plaintiffs even after Child Protective Services ("CPS") in Virginia cleared them. Plaintiffs have an opportunity to challenge these alleged incidents; in support of their defense, Plaintiffs have requested certain communications and medical records relevant to the allegations. The Air Force has failed to produce the requested documents.

## STATEMENT OF FACTS

7. On or about November 18, 2020, Plaintiffs reported that Department of Defense contractors, employed by their children's on-base school, sexually abused their two special needs daughters while Plaintiffs were stationed in Stuttgart, Germany.

8. Following this report, the Army's Criminal Investigation Division ("CID") began investigating their allegations. On or about December 2, 2020, three weeks after the report, CID offered to conduct a forensic physical examination of Plaintiffs' daughters.

9. Due to the length of time that had passed since the report (3 weeks), and based on the opinion of the CID doctor expert/forensic examiner at Landstuhl Army Medical Center (and

concerns of the examiner's capabilities)[1], Plaintiffs believed that the exam would not produce any viable evidence and would, instead, further traumatize their young daughters.

10. Plaintiffs attempted to seek mental health services for their daughters to address the trauma they had experienced. However, they learned there were no services in their stationed area that could provide care for their daughters—both of whom had been diagnosed with multiple disabilities.

11. On or about November 27, 2020, Plaintiffs' request for humanitarian relocation back to the United States was granted. They moved to Virginia on or about March 7, 2021.

12. Upon their return to the United States, Plaintiffs learned that the FAP referred Plaintiffs to Arlington County CPS. Relying heavily upon an affidavit created by Dr. Brian Brennan, CPS served Plaintiffs with a protective order. At the time, neither Plaintiffs nor their family members had ever met Dr. Brennan, but they later learned that he was the head of Walter Reed Medical Center's child abuse pediatrics department.

13. In his affidavit, Dr. Brennan claimed to have limited access to medical records[2] and went on to note certain red flags within the children's medical records (which he reviewed without consent of either Plaintiffs or their children) that were indicative of medical abuse (often referred to as Munchausen by Proxy) by the children's mother, Plaintiff Teresa Welter. The affidavit did not officially diagnose Plaintiff Teresa Welter with Munchausen by Proxy but contained multiple references to the condition and also the label of "medical abuse."

14. Plaintiffs fully cooperated with CPS's investigation into the allegations against Plaintiff Teresa Welter. She submitted a comprehensive psychological evaluation which

---

[1] Upon meeting the Welters prior to the proposed evaluation, the examiner represented his mistaken belief that the twin daughters were ten years older than their actual age, thus showing he was unprepared going into the examination.

[2] It is still unknown how many records he truly had access to, or what records he purportedly reviewed.

determined that she did not suffer from Munchausen by Proxy. Plaintiffs also permitted CPS to access their family's medical records and arranged for one of their daughters to be interviewed by a forensic therapist. This therapist believed Plaintiffs' allegations that their daughter was sexually abused in a school setting, and that there was no abuse in the home setting.

15. On or about October 5, 2021, Plaintiffs received correspondence from CPS notifying them that the case against Plaintiff Teresa Welter was closed and determined to be unfounded.[3] A copy of this determination was provided to JBAB FAP.

16. Plaintiffs were previously informed by the JBAB FAP that it would also close its case if CPS determined that the abuse allegations were unfounded. However, on or about November 9, 2021, FAP notified Plaintiffs that it would be moving forward with the CRB against Teresa Welter, despite Prince William County CPS closing the case as unfounded.

17. In November 2021, the CRB determined that the allegations of child neglect of the two special needs daughters by Plaintiff Teresa Welter met the criteria for neglect. The CRB made a similar finding against Plaintiff Paul Welter in February 2022.

18. Plaintiffs believe that the CRB was initiated in response to the sexual abuse allegations they filed against employees of the on-base DoDEA school in Stuttgart.

19. Beginning in 2021, Plaintiffs noticed strange activity taking place in relation to their medical records. For example, Plaintiffs' son's pediatrician knew about Plaintiff Teresa Welter's prior miscarriage—despite the fact that this pediatrician was never provided access to her medical records. In-network healthcare providers in the area refuse to see Plaintiffs upon learning their names. Pharmacy pick-ups and psychologist appointments appear on Plaintiffs' medical records despite never having taken place. Even more concerning, pre-existing diagnoses

---

[3] The matter had previously been transferred, at the request of Joint Base Anacostia Bolling ("JBAB") FAP, to Prince William County, despite Arlington Country also having closed the case on their end.

were removed from the family's medical records, impacting the disabled children's access to care in both medical and educational settings.

20. On or about March 14, 2022, Plaintiffs requested, pursuant to FOIA, "All documents currently held by the 316th Medical Squadron and/or Joint Base Anacostia Bolling Family Advocacy Program as they pertain to the initiation of an incident in which I, the requestor, am a subject. This includes, but [is] not limited to, the following documentation: (1) records forwarded by the Stuttgart Family Advocacy Program; (2) records forwarded by the Stuttgart Army Criminal Investigative Division; (3) medical records; and (4) any reports generated by a review of medical records."

21. On or about April 26, 2022, Plaintiffs submitted a supplemental request pursuant to FOIA requesting the following:

(a) Copies of any email correspondence to, from, between the following (with no specific combination of recipients) from November 1, 2020 to date: Major Cuevas; Dr. Brian Brennan; any individual at Arlington County, Virginia Child Protective Services; and any individual in Prince William County, Virginia Child Protective Services, that contain any combination of the following (within the body and/or the subject line): Plaintiffs' first or last names; Central Registry Board (CRB); 20210040; 20210058; 20220024; 20220025; abuse; and neglect.

(b) A copy of all documents relied upon in rendering an Incident Determination in the following CRB cases: 20210040; 20210058; 20220024; and 20220025.

(c) A copy of the decision tree used to render an Incident Determination in the following CRB cases: 20210040; 20210058; 20220024; and 20220025.

(d) All source material, instructions, manuals, etc. pertaining to the decision tree authorized for use in Air Force CRB hearings.

(e) Report authored by Dr. Brian Brennan dated December 24, 2020, covering allegations of child neglect and/or abuse of Plaintiffs children, as concluded based on his review of certain medical records regarding the children.

(f) Any and all documents provided by Arlington County regarding any person in Plaintiffs' family to the Joint Base Anacostia-Bolling Family Advocacy Officer.

(h) Any and all documents provided by Prince William County regarding any person in Plaintiffs' family to the Joint Base Anacostia-Bolling Family Advocacy Officer.

(i) Any Memorandum of Understanding between Arlington County, Virginia and any subdivision in the Air Force (to include Joint Base Anacostia-Bolling) pertaining to referral and investigations of allegations of child abuse or neglect.

(j) Any Memorandum of Understanding between Prince William County, Virginia and any subdivision in the Air Force (to include Joint Base Anacostia-Bolling) pertaining to referral and investigations of allegations of child abuse or neglect.

(k) All AF 1466 forms for Plaintiffs' family since 7/6/2015.

(l) All DD 2792 forms for Plaintiffs' family since 7/6/2015.

(m) All Q-code letters for Plaintiffs' family since 7/6/2015.

(n) All professional certifications for any medically licensed individual involved in the processing of the following CRB cases, to include, but not limited to, Major Cuevas and Dr. Brennan: 20210040; 20210058; 20220024; and 20220025.

22. On May 6, 2022, Plaintiffs received an interim response to both FOIA requests from Defendant's FOIA office. The response stated that the Plaintiffs' FOIA requests were delayed citing the volume of records requested. Defendant offered the option for a "rolling release" of records where records would be released as they are processed. Finally, the letter provided May 9, 2022, as the Estimated date of completion. Plaintiffs agreed to the rolling release of the records.

23. On May 20, 2022, Plaintiffs' counsel was informed that Defendant was working on releasing the first volume of records. When no records were received, Plaintiffs' counsel inquired as to the status of the release on July 5, 2022. That same day, counsel was informed that Defendant was still working on releasing the records due to "loss of manning."

24. Counsel again inquired as to the status of the FOIA request on numerous occasions only to be told that Defendant was still in the process of preparing to provide the requested records. On October 19, 2022, Defendant stated that they were still in the process of reviewing the documents they received (approximately 600 pages, with more expected) in connection with the FOIA request. No estimated date of completion was provided.

25. On December 6, 2022, Defendant produced roughly 600 pages of documents (many of which were heavily redacted). Defendant indicated that there would be a second production that is currently being reviewed. Defendant did not provide an estimated date as to when the second production would occur.

26. As of the date of this complaint, Defendant has: (1) failed to provide a complete production of the request made on March 14, 2022 (a partial production was made on December 6, 2022, with no assurance of when the remaining portion would be produced), and (2) failed to provide any documents responsive to the April 26, 2022 request.

27. The requested documents are needed by Plaintiffs to submit an Incident Status Determination Review (ISDR) in response to the CRB determinations.

## COUNT

### Violation of FOIA, 5 U.S.C. § 552
### Unlawful Withholding of Non-Exempt Documents

28. Plaintiffs incorporate paragraphs 7 – 27 as if fully stated herein.

29. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the Department of the Air Force is required to make the determinations on the requested documents within 20 working days of receipt of the request.

30. To date, Defendant has failed to make these determinations on the request made on April 26, 2022 and has only partially made these determinations on the request made on March 14, 2022.

31. Defendant is unlawfully withholding records requested by Plaintiffs in violation of 5 U.S.C. § 552(a)(3) by, *inter alia*, seeking to withhold information without making a reasonable effort to make the records promptly available to Plaintiffs and without providing any rational justification for failure to comply with the requirement.

32. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C § 552(a)(6)(A), Plaintiffs are deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiffs' FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records pursuant to Plaintiffs' FOIA requests; (3) grant Plaintiffs an award of attorneys' fees and other litigation costs

reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and (4) grant Plaintiffs such other relief as the Court deems just and proper.

Dated: December 15, 2022

Respectfully submitted,

/s/ Carol A. Thompson
Carol A. Thompson
DC Bar No. 1658143
Federal Practice Group
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: 202-862-4360
cthompson@fedpractice.com

*Counsel for Plaintiffs*
